PENDLETON, Appellant,

v.

PENDLETON, Appellee.

[Cite as *Pendleton v. Pendleton* (1989), 65 Ohio App.3d 763.]

Court of Appeals of Ohio,
Sandusky County.

No. S-88-47.

Decided Dec. 29, 1989.

*Douglas A. Wilkins,* for appellant.
*John D. Starn,* for appellee.

ABOOD, Judge.

This is an appeal from a judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, which granted appellee, Vivian J. Pendleton, a decree of divorce, ordered a division of marital property and ordered appellant, Edward W. Pendleton, to pay appellee sustenance alimony for an indefinite period of time.

Appellant sets forth the following assignment of error:

"The lower court erred in awarding appellee sustenance alimony of sixty-five dollars ($65.00) per week for an indefinite period of time."

The parties to this action were married on April 23, 1953, in Fremont, Ohio. Three children were born to the marriage and two were adopted during the marriage. The youngest, Kevin, age nineteen, resides with appellee. On June 2, 1988, appellant filed his complaint for divorce alleging that appellee was guilty of gross neglect of duty and extreme cruelty. On September 19,

1988, appellee filed her cross-complaint for divorce alleging that appellant was guilty of gross neglect of duty and extreme cruelty. On October 20, 1988, the case proceeded to trial on appellant's complaint and the answer and cross-complaint of appellee.

The evidence presented at trial that is pertinent to the issues on appeal is as follows. Appellant is fifty-six years old and is a high school graduate with approximately two years of continuing education courses in electrical mainte-nance. Appellant is employed full-time at DeVilbiss Company as a production worker with a weekly take-home pay of $213.71 after the usual payroll deductions and payment of $101 into a savings plan. Although appellant has been employed at DeVilbiss for the past sixteen years, due to layoffs, his actual service with the company is approximately nine and one-half years. Appellant is also employed part-time at Fremont Memorial Hospital as a maintenance worker with a weekly take-home pay of $108. Additionally, appellant receives a $71 per month disability payment from the Veterans Administration. Appellant testified that his monthly expenses average ap-proximately $840.

Appellee is fifty-seven years old and has been employed at Fremont Memo-rial Hospital since 1980, working first as a nursing assistant and for the past four years as a facility host. Her weekly take-home pay is approximately $179 after the usual payroll deductions and payment of $50 into a savings plan. No further evidence was submitted as to appellee's education or prior employment. Appellee testified that her living expenses average approxi-mately $209 per week. Appellee also testified that approximately two and one-half years ago she had surgery for uterine cancer. Following the sur-gery, she had six weeks of radiation treatments and was fitted with a radioactive cesium pellet. Currently, she has a check-up for cancer every six months.

Prior to trial, the parties entered into a settlement agreement which provided for a division of most of the marital assets as follows:

APPELLANT

| | |
|---|---|
| IRA account | 7,580 |
| Certificate of Deposit | 6,763 |
| Three Certificates of Deposit from father's estate | 32,000 |
| Five 100 oz. silver bars | 3,350 |
| Credit Union account | value unknown |
| ($101.00 per week) | |
| Section 401–K Retirement Plan | value unknown |
| 1986 Ford Escort pick-up truck | value unknown |
| Firearms and household goods | value unknown |
| TOTAL | $49,693 |

| | |
|---|---|
| Marital home............................................................ | 70,000 |
| IRA account ........................................................... | 7,580 |
| Certificate of Deposit................................................. | 5,121 |
| Certificate of Deposit................................................. | 6,763 |
| Five 100 oz. silver bars.............................................. | 3,350 |
| Tax-deferred Annuity ................................................. | value unknown |
| ($50.00 per week) | |
| 1983 Ford Escort..................................................... | value unknown |
| Misc. items and household goods...................................... | value unknown |
| TOTAL ............................. | $92,814 |

The two issues which remained for the court to decide were disposition of a certificate of deposit valued at $8,404 and appellee's request for alimony in the amount of $65 per week for five years.

On November 9, 1988, the court entered judgment which found appellant guilty of gross neglect of duty and extreme cruelty and awarded appellee a decree of divorce, ordered the certificate of deposit in the amount of $8,404 divided equally between the parties, ordered the marital assets divided as agreed by the parties and as set forth above and ordered that appellant pay sustenance alimony to appellee in the amount of $65 per week for an indefinite period of time. On December 6, 1988, appellant filed a timely notice of appeal.

In support of his assignment of error, appellant argues that (1) the trial court erred in awarding appellee sustenance alimony in the amount of $65 per week without setting forth a definite date upon which such award would terminate, and (2) the award of $65 per week was excessive.

In support of his first argument, appellant attempts to distinguish this case from this court's decision in *Koepke v. Koepke* (1983), 12 Ohio App.3d 80, 12 OBR 278, 466 N.E.2d 570, and *Gore v. Gore* (1985), 27 Ohio App.3d 141, 27 OBR 173, 499 N.E.2d 1281.

In *Koepke, supra,* this court stated that while an award for alimony for sustenance and support should be made terminable upon a date certain, in certain circumstances, such awards could impose an undue hardship on one party or the other. In those certain circumstances, the trial court may, in the proper exercise of its discretion, award alimony only upon certain contingencies, such as death or remarriage or further order of the court. Those circumstances which justify consideration of such an award include situations in which the marriage was of long duration, the parties are of advanced age and a homemaker spouse has had little opportunity to develop a career. *Id.,* 12 Ohio App.3d at 81, 12 OBR at 279–280, 466 N.E.2d at 571–572.

In *Gore, supra,* the court relied on *Koepke* and held that the trial court acted within its discretion in making sustenance alimony payable until further order of the court where the parties had obtained a high standard of living with sizable monthly expenses, the wife had only a limited income from substitute teaching since she was not qualified to teach full-time and, al-

though the wife had a bachelor's degree in journalism and public relations, she had chosen not to develop a career but rather to maintain the couple's home and raise their three children during the marriage.

In this case, the parties had been married thirty-five years at the time of their divorce. Appellant, age fifty-six, holds a full-time and part-time position with approximately $1,548 of disposable income per month, and appellee, age fifty-seven, is employed full-time with approximately $758 of disposable income per month. Appellee, because of health reasons, is unable to supplement her income with additional part-time employment. Each of the parties have living expenses of approximately $850 per month.

As stated above, the court may under certain circumstances, in its discretion, order alimony for an indefinite period of time. The trial court is given broad discretion in determining the appropriate alimony award based upon the particular facts and circumstances of each case, and such determination will not be disturbed by this court absent an affirmative showing that the trial court abused its discretion. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293. The term "abuse of discretion" implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

Upon consideration of the particular facts and circumstances of this case as set forth above, we find that the trial court did not abuse its discretion in awarding appellee sustenance alimony without setting forth a definite date upon which such award would terminate.

Appellant's second argument in support of his assignment of error is that the $65 amount is excessive. Upon consideration of the facts of this case as set forth above, this court finds that the trial court did not abuse its discretion in determining the amount of the alimony award. Accordingly, appellant's sole assignment of error is found not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

GLASSER, J., concurs in judgment only.

HANDWORK, P.J., dissents.