KOEPKE, APPELLEE AND CROSS-APPELLANT, *v.* KOEPKE, APPELLANT AND CROSS-APPELLEE.

(No. L-82-239—Decided February 4, 1983.)

*Mr. Jude Sutter,* for appellant.
*Mr. Robert Dixon,* for appellee.

DOUGLAS, J. This case comes before this court on appeal from the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division.

On November 6, 1980, appellee, Carolyn Yvonne Koepke, filed a complaint in the Lucas County Court of Common Pleas, Domestic Relations Division, seeking a divorce from appellant, Charles F. Koepke. On July 15, 1982, the trial court entered judgment granting appellee a divorce from appellant, ordering a division of the parties' property, awarding appellee a lump sum judgment for arrearages on the temporary alimony order, alimony for sustenance and support in the amount of $810 per month, and alimony for and as attorney's fees in the amount of $10,000.

From that judgment, appellant timely brought this appeal, and appellee timely filed a notice of cross-appeal.

Appellant's first assignment of error is presented as follows:

"Assignment of Error I

"The trial court errored [*sic*] in awarding plaintiff-appellee alimony for the rest of her life subject only to review in three (3) years and errored [*sic*] in the amount of said alimony."

In his first assignment of error, appellant contends the trial court erred in awarding appellee alimony for sustenance and support without setting forth a definite date upon which such award would terminate. In support of this contention, appellant urges our consideration of this court's decision in *Mattoni* v. *Mattoni* (Feb. 22, 1980), Lucas App. No. L-79-129, unreported, in which this court held that:

"* * * there was an abuse of discretion in the trial judge's omission to provide for a decrease in the alimony at a date certain and to provide some terminal point for the alimony award other than the death or remarriage of the appellee or further order of the court."

In reaching the determination in *Mattoni, supra,* this court stated that:

"The modern trend is toward placing a time limit on the payment of alimony, as evidenced by the opinion of the Ohio Supreme Court in the case of *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 at 419 [75 O.O.2d 474], regarding alimony awards:

" 'Such initially fair agreements may be rendered manifestly oppressive in countless situations such as * * * where the recoverer [*sic* receiver] of alimony makes no attempt at self support * * *.' "

Considering current social and economic conditions, we concur in this court's holding in *Mattoni* to the limited extent that awards of alimony for sustenance and support should be made terminable upon a date certain in the vast majority of cases wherein both parties have the potential to be self-supporting. In such cases, an award of alimony terminable upon a date certain provides both the interim support necessary to the recoverer of the award and certainty in the judgment. See *Burgess* v. *Burgess* (Oct. 1, 1982), Lucas App. No. L-82-200, unreported. Such certainty in judgments should be provided whenever the equities so permit.

Notwithstanding the foregoing, we find, upon our review of the statutes and case law, that there is no legal mandate requiring trial courts to order the termination of an award of alimony on a date certain. Further, in certain circumstances, the termination of the award of alimony on a date certain would work an undue hardship upon the recoverer of the award or upon the payor. Thus, in cases involving a marriage of long duration, parties of advanced age, and a homemaker-spouse with little opportunity to develop a career, a trial court may, in the proper exercise of its discretion, award alimony terminable only upon certain contingencies, such as the death or remarriage of the recoverer of the award of alimony or further order of the court. For those reasons, we hold that this court's decision in *Mattoni, supra,* to the extent that it implies that all awards of alimony for sustenance and support must be terminable upon a date certain, is to be strictly limited to its facts.

Our review of the record in the case *sub judice* reveals the following pertinent information. The parties had been married thirty-five years at the time of their divorce. Appellant, an osteopathic physician, had earned a substantial income since completing his medical training early in the marriage. The parties had, therefore, enjoyed a high standard of living. Prior to the divorce, however, appellant had sold his practice to his son, had moved to Florida, and had opened a new office in Florida. As a result of the move, appellant's earnings at the time of the divorce were substantially reduced.

Appellee, a high school graduate, had remained in the home as a homemaker, rearing the parties' children. Appellee had not been employed outside the home for over thirty years and apparently had few marketable skills. At the time of their divorce, appellant was fifty-six and appellee was fifty-four.

Considering the foregoing circumstances, we find that the trial court did not err in failing to order the termination of the award of alimony to appellee upon a date certain. Further, considering the record in this case, we find that the trial court did not abuse its discretion in determining the amount of said award. We, therefore, find appellant's first assignment of error not well-taken. * * *■

On consideration whereof, the court finds substantial justice has been done the parties complaining and the judgment of the trial court is affirmed.

*Judgment affirmed.*

HANDWORK and BARBER, JJ., concur.

BARBER, J., retired, of the Sixth Appellate District, was assigned to active duty under the authority of Section 6(C), Article IV, Constitution.