NORI, APPELLEE, *v.* NORI, APPELLANT.

(No. CA88-07-113—Decided July 10, 1989.)

*Pratt & Buchert* and *Thomas R. Buchert,* for appellee.

*Ruppert, Bronson, Chicarelli, Cornyn & Smith Co., L.P.A., John D. Smith* and *Ron Ruppert,* for appellant.

HENDRICKSON, J. Defendant-appellant, Loretta J. Nori, appeals a divorce decree granted by the Butler County Court of Common Pleas, Domestic Relations Division, which terminated her thirty-year marriage to plaintiff-appellee, Albert V. Nori.

The parties were married on June 28, 1958. At that time, appellant was an elementary school music teacher. She continued to work as a teacher for two years after the marriage. In 1960, by mutual agreement of the parties, she ceased working and became a homemaker to care for their children.

In the 1970s, the parties began having marital difficulties. In 1977, appellee left the marital residence and the parties permanently separated. Appellee began living with another woman and had several children with her. He filed a complaint for divorce on August 24, 1987, almost ten years after the separation.

A hearing was held on April 20, 1988. Testimony revealed that appellee had worked at Armco since early in the marriage. He earns an average of $42,000 per year. His benefits include interest in a pension plan, a thrift plan and a stock ownership plan. Additionally, he receives a small income from playing in a band.

Appellant continues to live in the marital residence with her two eman-

cipated children. She has been unemployed since 1960, except for a short period in 1980. In order to resume teaching she would have to be recertified, which would require her to complete six credit hours at a university. There was also testimony that opportunities as a music teacher are limited. She is without a car or driver's license. Her daughter provides her with transportation, pays the phone bill and buys the groceries.

When appellee left the residence in 1977, he continued to pay the bills associated with the home and family while appellant stayed home with the children, who were ages nine and fourteen at the time of the separation. The parties had no agreement as to how the bills would be paid. Initially, appellee simply paid all the bills himself. In later years, he began to give appellant approximately $600 per month for expenses, although he did continue to pay some bills himself.

In its May 26, 1988 decision, the trial court awarded appellee the entire interest in his Armco thrift plan, which had a value of $2,949.80; his Armco stock ownership plan, which had a value of $902.16; and his pension plan, which had a value of $69,030.31 at the time of the hearing. The trial court awarded appellant the marital residence, valued at $56,000 subject to a $16,000 outstanding mortgage. It also awarded her $100 per week alimony until she dies, remarries, cohabits with an unrelated male or attains age sixty-five, and $625 in attorney fees. The judgment entry and divorce decree was filed on June 30, 1988. This appeal followed.

Appellant presents five assignments of error for review as follows:

Assignment of Error No. 1:

"The trial court erred to the prejudice of appellant by failing to order alimony in sufficient amount to provide for her sustenance."

Assignment of Error No. 2:

"The trial court erred to the prejudice of the appellant by failing to secure the alimony granted to appellant with life insurance on the appellee."

Assignment of Error No. 3:

"The trial court erred to the prejudice of the appellant by failing to make any order regarding the delinquent real estate taxes and the arrearages for utility bills."

Assignment of Error No. 4:

"The trial court erred to the prejudice of the appellant by failing to divide the marital property in an equitable fashion."

Assignment of Error No. 5:

"The trial court erred to the prejudice of the appellant by failing to order appellee to pay for all attorney fees incurred by appellant."

We will first consider appellant's first and fourth assignments of error, relating to sustenance alimony and property division respectively, since they are related. We will, however, address them separately. In her first assignment of error, appellant argues that the trial court erred by ordering that the award of sustenance alimony terminate when she reaches age sixty-five and by not providing for an indefinite award subject to future modification by the court. She also argues that the trial court erred in awarding sustenance alimony insufficient for her to support herself. We find this assignment of error is well-taken as it relates to future modification by the trial court.

In domestic relations cases, the trial court may award alimony as it considers reasonable to either party. R.C. 3105.18(A). "In Ohio, alimony is comprised of two components: a division of marital assets and liabilities, and periodic payments for sustenance

and support. * * *'' *Kaechele* v. *Kaechele* (1988), 35 Ohio St. 3d 93, 95, 518 N.E. 2d 1197, 1200; *Cherry* v. *Cherry* (1981), 66 Ohio St. 3d 348, 352, 20 O.O. 3d 318, 322, 421 N.E. 2d 1293, 1295. After a division is made, the trial court may consider whether there is a need for an additional amount for sustenance. *Kaechele, supra,* at 95, 518 N.E. 2d at 1200. In determining the nature and amount of both kinds of alimony, the court must consider all the factors in R.C. 3105.18(B).[1] *Id.* at paragraph one of the syllabus; *Cherry, supra,* at 355-356, 20 O.O. 3d at 325, 421 N.E. 2d at 1300.

The trial court has broad discretion in fashioning an equitable division of property and in awarding sustenance alimony when appropriate. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 218, 5 OBR 481, 482, 450 N.E. 2d 1140, 1141. The decision of the trial court will not be reversed on appeal absent an abuse of discretion. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Id.* at 219, 5 OBR at 483, 450 N.E. 2d at 1142, quoting *Steiner* v. *Custer* (1940), 137 Ohio St. 448, 451, 19 O.O. 148, 150, 31 N.E. 2d 855, 857.

Appellant states that she is fifty-five years of age and has not worked outside the home in twenty-eight years. She must become recertified as a teacher before she can be employed and even if she is recertified, her prospects for employment are speculative at best. She argues that she will not become self-sufficient or be able to provide for her retirement in the next ten years and the alimony will terminate when she needs it most. Thus, it was an abuse of discretion to make the alimony award terminate at age sixty-five. We disagree.

Appellant relies on two appellate cases from other jurisdictions having facts similar to the case at bar. Both of these cases involved marriages of long duration and homemaker spouses who had not worked outside the home for many years. In each case, the court of appeals affirmed the trial court's decision making an indefinite alimony award. In *Koepke* v. *Koepke* (1983), 12 Ohio App. 3d 80, 12 OBR 278, 466 N.E. 2d 570, the Lucas County Court of Appeals held:

"While, in the vast majority of cases, an award of alimony for sustenance and support should provide for the termination of the award upon a date certain so as to provide the parties with an ascertainable limit upon their rights and liabilities, in certain circumstances, such awards would be

---

[1] R.C. 3105.18(B) provides:

"In determining whether alimony is necessary, and in determining the nature, amount, and manner of payment of alimony, the court shall consider all relevant factors, including, but not limited to, the following:

"(1) The relative earning abilities of the parties;

"(2) The ages, and the physical and emotional conditions of the parties;

"(3) The retirement benefits of the parties;

"(4) The expectancies and inheritances of the parties;

"(5) The duration of the marriage;

"(6) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;

"(7) The standard of living of the parties established during the marriage;

"(8) The relative extent of education of the parties;

"(9) The relative assets and liabilities of the parties;

"(10) The property brought to the marriage by either party;

"(11) The contribution of a spouse as homemaker."

inequitable and would work an undue hardship upon the recoverer of the award or upon the payor. In such circumstances, the trial court may, in the proper exercise of its discretion, award alimony terminable only upon certain contingencies, such as the death or remarriage of the recoverer of the award of alimony or further order of the court." *Id.* at syllabus.

In *Gore* v. *Gore* (1985), 27 Ohio App. 3d 141, 27 OBR 173, 500 N.E. 2d 1281, the Summit County Court of Appeals, relying on *Koepke, supra,* held at paragraph one of the syllabus:

"It is properly within the discretion of the trial court to make sustenance alimony payable until further order of the court, without providing for termination on a date certain."

However, as these cases clearly indicate, such an award is discretionary, not mandatory. Additionally, they indicate that the norm is to have a definite termination date for the alimony. Accordingly, in the present case, we cannot find that the decision of the trial court in making the award terminable at age sixty-five was an abuse of discretion.

In *Koepke, supra,* the husband was a physician who had earned a substantial income while the wife was a high school graduate with no marketable skills and who had been unemployed for almost thirty years. However, prior to the divorce, the husband sold his practice and moved to Florida after which his earnings were substantially reduced. In *Gore, supra,* the husband was an attorney who had a base salary of $60,000 per year plus bonuses. The wife had a college degree but needed at least three semesters of study and student teaching before she could be certified to teach.

In the present case, appellee is a high school graduate working in a steel mill, with another family to support.

Appellant is a college graduate with prior teaching experience. She needs only a six-hour refresher course in order to renew her teaching certificate. There was also evidence that appellant was employable. She worked for a music store in 1980, but was terminated when it closed. She was offered a clerical job with a pool company but turned it down because she felt she did not have the proper skills and training. Since she has no minor children to care for, an alimony award continuing for almost ten years is sufficient to allow her to establish herself in the job market.

Appellant also contends that the amount of the award is insufficient to allow her to support herself, much less become self-sufficient. She contends that her expenses total $1,147 per month while the award is for only $400 per month. Nevertheless, she admitted at the hearing that the $1,147 estimate includes expenses for her two grown children who live with her. Since she received the marital residence in the property division, the equity in the residence together with the $400 per month alimony should make it possible for her to provide for herself while re-entering the job market. Therefore, we are unable to find an abuse of discretion on the part of the trial court. Thus, regardless of whether we might have awarded her additional alimony to help her obtain her teaching certificate, we cannot substitute our judgment for that of the trial court.

However, the trial court failed to reserve jurisdiction to modify the award of alimony. We find this omission to be an abuse of discretion. In *Ressler* v. *Ressler* (1985), 17 Ohio St. 3d 17, 17 OBR 14, 476 N.E. 2d 1032, the Ohio Supreme Court held:

"A decreeing court does not have continuing jurisdiction to modify a sustenance alimony award that was made for a fixed period of years even

though the award is subject to termination in the event of death, remarriage or cohabitation unless the decreeing court expressly reserves jurisdiction to modify." *Id.* at syllabus.

Accordingly, in post-decree modification proceedings, we have held that unless the trial court expressly reserved jurisdiction to modify a definite alimony award, it could not do so. See, *e.g., Hibbard* v. *Hibbard* (Dec. 27, 1988), Butler App. No. CA88-06-078, unreported; *Moore* v. *Moore* (Dec. 27, 1988), Warren App. No. CA88-06-051, unreported; *Summers* v. *Summers* (Nov. 23, 1987), Warren App. No. CA86-09-065, unreported.

Further, in a direct appeal from a divorce decree, we have held that the trial court abused its discretion by failing to reserve jurisdiction to modify, when making an indefinite award of alimony. *Colwell* v. *Colwell* (Oct. 11, 1988), Butler App. No. CA88-03-043, unreported, involved a twenty-nine-year marriage. The husband, age fifty-three, appealed an award of alimony where the trial court failed to reserve the jurisdiction to modify and the alimony was terminable only upon his former wife's death or remarriage. We first noted that R.C. 3105.18(D) provides that an indefinite award of alimony cannot be modified unless the divorce decree "contains a provision specifically authorizing the court to modify the amount or terms of alimony[.]* * *" We then went on to state:

"* * *[I]t should not be necessary for either party to request that the modification clause be included in the decree especially when considering the parties' ages and the duration of the marriage. The trial court should have enough foresight to realize that circumstances do, in fact, change, and that any order for sustenance alimony not terminable after a definite period, should be modifiable.

"As drafted, the decree fails to account for such unforeseen but likely contingencies such as appellant becoming disabled or suffering a reduction in income, or the possibility that one of the parties might incur a substantial economic windfall.

"We accordingly conclude that the trial court abused its discretion by not reserving continuing jurisdiction over the matters of sustenance alimony * * *. * * * The matter is reversed and remanded so that the divorce decree can be modified to include a continuing jurisdiction provision to enable the court to make an appropriate modification upon a change of circumstances." *Id.* at 4-5.

The present case involves a ten-year award of alimony. During that time, any number of unforeseen circumstances could arise. Appellee could become disabled or suffer a loss of income. Appellant, for some unforeseen reason, may not be able to obtain her teaching certificate or she may be able to demonstrate at some point in the future that she is definitely unemployable. A provision must be made for such changes of circumstances.

Accordingly, we find that the trial court erred in failing to reserve jurisdiction to modify the alimony award. Thus, appellant's first assignment of error is sustained in part and overruled in part.

In her fourth assignment of error, appellant contends that the trial court failed to equitably divide the marital property accumulated by the parties over a thirty-year marriage. She argues, essentially, that it is unfair to award appellee sixty-five percent of the assets when he has a greater earning capacity. We find this assignment of error is not well-taken:

"* * * The mere fact that a property division is unequal, does not, standing alone, amount to an abuse of discretion." *Cherry, supra,* at para-

graph two of the syllabus. The *Cherry* court stated:

"* * * Both R.C. 3105.18, which provides that the trial court may divide property as it deems equitable, and past case law require that the trial court have broad discretion in arriving at an equitable property division. Each divorce case is different, and the trial court must be free to consider all the relevant factors. Equitable need not mean equal." *Id.* at 355, 20 O.O. 3d at 322, 421 N.E. 2d at 1298.

The trial court heard the evidence and fashioned a property division relying on the factors set out in R.C. 3105.18(B). It cannot rely solely on the earning abilities of the parties in so doing, but must consider all the relevant factors. *Kaechele, supra.* The parties were separated for over ten years prior to the divorce. Appellant continued to live in the marital home during that time and was awarded the home in the property division. Appellant's interest in his pension plan, thrift plan and stock plan were in part based upon his earnings during the ten years following the *de facto* termination of the marriage. Given the circumstances in this case, we cannot find that the division of property was so arbitrary or unreasonable as to connote an abuse of discretion.

Nevertheless, in a divorce case, property division and a determination of need for sustenance alimony are interrelated. *Cherry, supra; Kaechele, supra.* Therefore, although appellant's fourth assignment of error, standing alone, is without merit, we must remand the division of property to the trial court for reconsideration to enable the trial court to consider all relevant matters when reserving continuing jurisdiction to modify sustenance alimony.

In her second assignment of error, appellant argues that the trial court erred by failing to secure her award of alimony with an order to appellee to maintain a policy of life insurance with appellant as the beneficiary. She contends that appellee is fifty-seven years old and is reaching an age where employment can become difficult or health problems might appear. Further, since she herself is fifty-five years old and has not worked outside the home in thirty years, she will not be able to support herself in the event appellee becomes disabled. We find this assignment of error is not well-taken.

Appellant relies on *Gore, supra,* which held:

"In making an alimony determination, it is entirely proper under R.C. 3105.18(B)(4) for the trial court to require the plaintiff-husband to maintain defendant-wife as a beneficiary in his life insurance policy as long as alimony payments continue, as such an order amounts to a realization of the wife's expectancy as beneficiary." *Id.* at paragraph two of the syllabus.

However, such an order is not mandatory but rather lies within the discretion of the trial court. It is not required solely because the parties are getting up in years and the marriage was of long duration. There is nothing in the record to suggest that appellee is in ill health or that he will not be able to work for years to come. We find no abuse of discretion by the trial court. Accordingly, appellant's second assignment of error is overruled.

In her third assignment of error, appellant argues that the trial court erred by failing to make an order regarding the responsibility for paying the delinquent real estate taxes and utility bills. She contends that this failure places the obligation to pay these expenses on her and that her financial resources are insufficient to cover them. We find this assignment of error is not well-taken.

Appellant received the parties'

marital residence in the property division and it was within the discretion of the trial court to require her to assume the expenses associated with it. She claims that the arrearages in both cases are appellee's fault and therefore he should assume the burden. She states that appellee failed to pay the real estate taxes causing the arrearages. She also states that the $600 per month she received from appellee was insufficient to cover her living expenses, causing the arrearages in the utility bills.

These arguments ignore the fact that appellant lived in the marital residence for ten years following the separation while appellee paid all the bills. He fell behind on the real estate taxes because he could not afford to pay them. He gave appellant $600 per month for expenses, which included the expenses for her two emancipated children. She allowed the arrearages to accumulate on the utility bills. Under the circumstances, we find no abuse of discretion. Accordingly, appellant's third assignment of error is overruled.

In her fifth assignment of error, appellant argues that the trial court erred by failing to order appellee to pay the full amount of her attorney fees even though the parties stipulated to the reasonableness of the fees. We find this assignment of error is not well-taken.

An award of attorney fees is within the discretion of the trial court. *Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85, 2 O.O. 3d 65, 355 N.E. 2d 894, paragraph two of the syllabus. "* * * The party seeking an award of attorney fees must establish (1) some financial need for the award and (2) the demand for attorney fees is reasonable under the circumstances." *Kramer* v. *Kramer* (Dec. 7, 1987), Clermont App. No. CA87-02-014, unreported, at 3-4.

The parties stipulated to the reasonableness of appellant's attorney fees in the amount of $937.50. However, the trial court awarded her only $625. Appellant claims this reduction was arbitrary and unreasonable.

The parties may have agreed to the reasonableness of the fees but the amount of the award is still within the discretion of the trial court. It must take into consideration appellant's need following the property division and award of sustenance alimony. The simple fact, without more, that the trial court did not award the amount stipulated does not amount to an abuse of discretion. Accordingly, appellant's fifth assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed in part and reversed in part and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment accordingly.*

YOUNG, P.J., concurs.

KOEHLER, J., concurs in part and dissents in part.

KOEHLER, J., concurring in part and dissenting in part. I concur with the majority in its finding that the trial court erred by its failure to reserve jurisdiction to modify the sustenance alimony award at some future time depending upon a change of circumstances of the parties. However, I must disagree with the majority in finding no error in the trial court's order which provided that the sustenance alimony award would terminate in ten years.

If the trial court finds a need exists for a sustenance alimony award to one of the parties at the time of final hear-

ing, such award should be continuing until there is a demonstrated material change of circumstances which would justify modification. The majority would remand this cause for further proceedings simply to require the trial court to retain jurisdiction to modify the sustenance alimony award, yet it finds there is no abuse of discretion in the trial court's speculation that appellant will not or should not need sustenance alimony in ten years.

On remand, the trial court should be required to eliminate the termination feature of the sustenance alimony order.

Additionally, I would find that the trial court abused its discretion in fashioning its plan for division of property, and sustain the fourth assignment of error.

I agree with the majority in overruling the second assignment of error. The failure to order life insurance coverage of a sustenance alimony award may be appropriate, but the failure to do so would not constitute an abuse of discretion.

In view of the extended period of the *de facto* separation and divorce, I believe that accumulated arrearages of taxes, utilities, etc. should have been addressed in the final decree and would therefore sustain appellant's third assignment of error.

This court has interpreted *Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85, 2 O.O. 3d 65, 355 N.E. 2d 894, as mandating a finding by the trial court that there is a need for an allowance of attorney fees for a party, an ability to pay such fees by the other party and a finding by the trial court as to the reasonableness of the fees charged and allowed.

A stipulation by the parties as to the reasonableness of the fees requested and allowed has received the affirmation of this court.

However, I must dissent from the majority's pronouncement that the trial court did not abuse its discretion by ordering counsel fees to appellant in an amount not stipulated by the parties as being reasonable, and without testimony to support the ultimate allowances made by the trial court. I would find appellant's fifth assignment of error well-taken.