### Schilling v. Schilling
### Case No. C-880589
### Hamilton County, (1st)
### Decided January 10, 1990
[Cite as 1 AOA 1]

*Sherri Goren Slovin, Esq., 1804 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202, for Plaintiff-Appellee,*

*Charles S. Kamine, Esq., 602 Main Street, Suite 1309, Cincinnati, Ohio 45202, for Defendant-Appellant.*

*PER CURIAM.*

This cause came on to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Local Rule 12, the record from the trial court, the briefs and the oral arguments of counsel.

Appellee wife filed a complaint for divorce December 14, 1984. Following a hearing, the referee recommended, *inter alia*, that appellant husband be ordered to pay alimony of $1000 per month. Both parties filed objections to the referee's report. The trial court sustained appellee's objections in part, ordering appellant to pay alimony of $1600 per month. The court failed to reserve jurisdiction to modify the alimony award. In addition, the court ordered the alimony payments to continue after appellant's death as a debt against his estate. Appellant timely appealed.

Appellant's first assignment of error alleges the trial court erred in increasing the alimony award from $1000 to $1600 per month. We find no abuse of discretion in the trial court's award of alimony. The court properly looked to the factors listed in R.C. 3105.18 including the length of the marriage, the ages of the parties, their employment status, their future employability, their health and their respective resources. Further, we find the referee's report contained a sufficient factual basis from which the trial court independently analyzed the issues and applied the appropriate rules of law, in accordance with Civ. R. 53(E) (5). The first assignment of error is overruled.

For his second assignment of error, appellant alleges:

> The trial court erred in modifying the report or referee by rescinding the reservation of jurisdiction to modify sustenance alimony.

We first point out that the trial court did not rescind the reservation of jurisdiction in the referee's report; the court merely declined to adopt the referee's recommendation that the court reserve jurisdiction to modify the alimony award. R.C. 3105.18 (D) does not require the trial court to reserve jurisdiction to modify the alimony award. See *Kane v. Kane* (May 6, 1988), Allen App. No. 1-87-7, unreported. Appellant did not move the trial court to adopt the recommendation of the referee to reserve jurisdiction to modify the alimony award, and the court declined to do so of its own volition. We find the decision of the trial court not to adopt the referee's recommendation does not constitute an abuse of discretion. Appellant's second assignment of error is overruled.

Appellant's third assignment of error alleges:

> The trial court erred in modifying the report of referee by ordering the alimony obligation to be a debt against husband's estate and not terminable on husband's death.

The award of alimony is made terminable on a date certain in the vast majority of cases. See *Wolfe v. Wolfe* (1976), 46 Ohio St. 2d 399, 350 N.E.2d 413; *Koepke v. Koepke* (1983), 12 Ohio App. 3d 80, 466 N.E.2d 570. In the case *sub judice*, the trial court made no specific findings as to why the alimony award should not terminate on appellant's death. There are no exigent circumstances cited in the record which would justify making the alimony award a debt against appellant's estate. This is especially true where the award is based in part on sources of income that will terminate upon appellant's death. We find the trial court abused its discretion in ordering that the alimony award shall be a debt against appellant's estate. Appellant's third assignment of error is sustained.

The judgment of the trial court is reversed and the cause is remanded for further

proceedings with respect to the court's order that the alimony award shall be a debt against appellant's estate. The trial court's judgment is affirmed in all other respects. It is Ordered that a mandate be sent to the Court of Common Pleas, Domestic Relations Division, for execution upon this judgment. Costs to be taxed in compliance with App. R. 24. And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty.

It is further ordered that a certified copy of this Memorandum Decision and Judgment shall constitute the mandate pursuant to App. R. 27.

To which the appellant, by his counsel, in part excepts.

SHANNON, P.J., HILDEBRANDT and GORMAN, JJ.