DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Athens County Court of Common Pleas, which dismissed Defendant-Appellant Sam McLaughlin's Motion to Modify Spousal Support on the basis of its lack of jurisdiction to do so. The trial court found that the separation agreement incorporated into the final decree of divorce granted the court jurisdiction to modify spousal support only in limited circumstances. Since none of those specified circumstances are present in this case, the trial court found that it did not have jurisdiction to entertain appellant's motion.
Appellant argues that the trial court erred in dismissing his motion. He contends that the court abused its discretion by awarding spousal support indefinitely and failing to reserve jurisdiction to modify that award. We disagree.
Appellant freely entered into the separation agreement that defined the trial court's continuing jurisdiction to modify spousal support. In addition, appellant waived any error occasioned by the trial court's adoption and incorporation of the separation agreement into the divorce decree since he failed to bring a direct appeal of the final decree of divorce. Accordingly, we affirm the judgment of the trial court.
Appellant and Plaintiff-Appellee Carol McLaughlin were divorced pursuant to a decree of divorce filed by the Athens County Court of Common Pleas on December 16, 1993. This judgment entry and divorce decree incorporated the separation agreement and shared parenting plan, which the parties had agreed upon and entered into previously. The decree provided that the trial court reserved jurisdiction to "enforce and oversee the conveyancing of assets, the performance of executory provisions of the Separation Agreement and all matters relating to the parenting of the children and issues relating to the best interest of the children." However, the decree did not specifically reserve jurisdiction for the trial court to modify the spousal support provisions of the separation agreement.
The separation agreement that was incorporated into the final decree of divorce provides that appellant must pay appellee spousal support in the amount of $60,000 per year. The agreement also grants appellee one-half the royalties from a book published by appellant. The agreement also provides that support payments shall continue until appellee dies, remarries, or cohabits "with an adult male not her kin." The agreement also provides for modification of appellant's spousal support obligation if he experiences an involuntary reduction in income. In that case, the agreement provides that appellant's spousal support obligation shall be reduced proportionately to his loss of income, and that his obligation shall never exceed forty-six percent of his base salary.
The parties' youngest child became emancipated in June 1999 and is now a college student. On July 15, 1999, appellant filed a motion to modify spousal support. The parties agreed to submit the issue of whether the trial court retained continuing jurisdiction to modify spousal support. The issue was submitted to a magistrate for determination at a non-oral hearing. On January 6, 2000, the magistrate issued her decision, finding that the trial court was without continuing jurisdiction to modify or terminate spousal support because continuing jurisdiction to do so was not specifically reserved to the court by the terms of the separation agreement. The magistrate also found that the bases advanced by appellant to modify or terminate spousal support were not among those specified in the agreement. Appellant filed objections to the magistrate's report. On February 22, 2000, the trial court overruled appellant's objections, affirmed the magistrate's decision, and dismissed appellant's motion.
Appellant filed a timely notice of appeal and presents one assignment of error for our review.
ASSIGNMENT OF ERROR:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION BY DISMISSING APPELLANT'S MOTION TO MODIFY SPOUSAL SUPPORT FOR LACK OF JURISDICTION.
In his sole assignment of error, appellant argues that the trial court erred in finding that it did not have continuing jurisdiction to modify spousal support in this case. He contends that the facts of this case demonstrate the inequity of the court's failure to reserve continuing jurisdiction to modify spousal support in the divorce decree. Therefore, he argues that the trial court should have found that continuing jurisdiction was implied in the separation agreement. Appellant also argues that an award of spousal support for an indefinite period of time is inconsistent with the intent of the parties in executing the separation agreement.
Formerly, a trial court's continuing jurisdiction to modify an award of spousal support was implied in the decree of divorce. See Wolfe v. Wolfe
(1976), 46 Ohio St.2d 399, 350 N.E.2d 413. In 1986, the General Assembly amended R.C. 3105.18 to provide that the trial court does not have continuing jurisdiction to modify spousal support unless the court specifically reserves such jurisdiction in the decree of divorce. See R.C. 3105.18(E)(1). The decision to reserve jurisdiction to modify an award of spousal support is left to the sound discretion of the trial court. See Johnson v. Johnson (1993), 88 Ohio App.3d 329, 623 N.E.2d 1294. However, several courts have held that the trial court abuses its discretion by failing to reserve jurisdiction to modify an indefinite award of spousal support. See Nori v. Nori (1989), 58 Ohio App.3d 69,568 N.E.2d 730; Gulia v. Gulia (1994), 93 Ohio App.3d 653, 639 N.E.2d 822.
Appellant argues that the trial court abused its discretion by failing to follow Nori and Gulia. He contends that indefinite spousal support awards are strongly disfavored in Ohio. See Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 554 N.E.2d 83, paragraph one of the syllabus. To support this strong public policy, appellant argues that we should look beyond the express terms of the separation agreement and imply the trial court's continuing jurisdiction to modify spousal support.
We find that Nori and Gulia are distinguishable from the case subjudice. In each of those cases, the trial court imposed the spousal support award. In the case sub judice, the parties negotiated the terms of spousal support, agreed upon them, including the circumstances under which appellant's support obligation could be modified, and executed the document formalizing their agreement. Thereafter, they indicated their understanding of this agreement in open court and sought its incorporation into their decree of divorce. Ohio courts generally give more deference to terms included in a separation agreement between the parties than to terms of a divorce decree imposed by the trial court. SeeScott v. Scott (Apr. 29, 1994), Lucas App. No. L-93-251, unreported. Thus, when a separation agreement between the parties to a divorce action defines the terms and conditions of spousal support, as well as the circumstances required for its modification, the trial court need not reserve continuing jurisdiction to modify spousal support should the separation agreement not provide for such continuing jurisdiction.
In addition, appellant waived any error by failing to bring a direct appeal from the divorce decree. In Johnson, supra, the court ruled that the payee spouse could not bring a collateral attack on the spousal support provision of a divorce decree even though the trial court failed to reserve continuing jurisdiction to modify spousal support. Courts that have considered both Nori and Johnson have held that a payee spouse must challenge the trial court's failure to reserve continuing jurisdiction by way of direct appeal, not through a post-decree motion to modify spousal support. See Lawson v. Garrison (Sept. 4, 1998), Lucas App. No. L-98-1145, unreported; Ritchie v. Ritchie (Jan. 19, 1999), Warren App. No. CA98-05-063, unreported. Appellant did not bring a direct appeal from the decree of divorce, so he cannot now be permitted to challenge the trial court's failure to reserve continuing jurisdiction to modify spousal support by means of a post-decree motion to modify that same spousal support.
Appellant also argues that an indefinite award of spousal support is inconsistent with the intent of the parties in executing the separation agreement. According to appellant, the primary intent behind the separation agreement was to protect the parties' daughters from suffering any negative economic impact as a result of the divorce. The parties' youngest daughter has now attained the age of majority and has entered college. Therefore, appellant argues that there is no longer any reason that he should be required to pay $60,000 per year in spousal support.
When the parties to a divorce action enter into a separation agreement, the court must construe that agreement in accordance with ordinary rules of contract law. See Patel v. Patel (Mar. 23, 1999), Athens App. Nos. 98CA29 and 98CA30, unreported. The construction of a contract is a question of law and, as such, we review the trial court's construction of a written instrument de novo. See Graham v. Drydock
(1996), 76 Ohio St.3d 311, 313, 667 N.E.2d 949, 952. We must interpret contract language "so as to carry out the intent of the parties."Skivolocki v. East Ohio Gas Co. (1974), 38 Ohio St.2d 244, 313 N.E.2d 374, paragraph one of the syllabus. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement."Kelly v. Medical Life Ins. Co. (1987), 31 Ohio St.3d 130, 509 N.E.2d 411, paragraph one of the syllabus.
The separation agreement in the case sub judice requires appellant to pay appellee $60,000 per year in spousal support. The agreement provides that appellant's spousal support obligation will terminate if appellee dies, remarries, or cohabits with an adult male to whom she is not related. The agreement also provides that appellant's obligation will be reduced if he experiences an involuntary reduction in income. However, the agreement neither provides for the termination of spousal support at a definite date in the future, nor does it reserve continuing jurisdiction for the trial court to modify spousal support.
The plain meaning of the separation agreement with respect to spousal support is to provide for definite support payments for an indefinite period of time barring the occurrence of one of the certain particular events specified therein. The parties certainly contemplated that their daughters would one day reach the age of majority, as the separation agreement provides that appellant is to pay the college expenses for both girls. Nevertheless, the spousal support provision does not provide for modification or review of the spousal support obligation when the youngest daughter has reached the age of majority and graduated high school, or even when she begins attending college at appellant's expense.
Appellant's spousal support obligation was defined in a separation agreement between the parties. The agreement provides for modification of appellant's obligation in certain limited circumstances, and it does not reserve continuing jurisdiction for the trial court to otherwise modify spousal support. Absent such a reservation, R.C. 3105.18(E)(1) deprives the trial court of jurisdiction to hear appellant's motion to modify spousal support. Furthermore, the trial court did not abuse its discretion in failing to reserve jurisdiction because the parties were free to either expand or limit the court's jurisdiction on this issue according to the terms of their separation agreement.
Accordingly, appellant's sole assignment of error is OVERRULED. The judgment of the Athens County Court of Common Pleas is AFFIRMED.