{¶ 63} I agree with the manner in which the majority resolves the majority of the issues raised by Appellant, but I must respectfully disagree with its conclusion that Appellant's first assignment of error is meritless. In that assignment of error, Appellant states that the trial court erred by failing to reserve jurisdiction over the spousal support award. In concluding that this assignment of error is meritless, the majority misses the forest for the trees as it bases its decision on the fact that the trial court did not use its failure to reserve jurisdiction as a threat to prevent an appeal. But this conclusion ignores not only the assigned error, but a large body of caselaw establishing that trial courts abuse their discretion if they do not reserve jurisdiction to modify a spousal support award when ordering that one party pay the other spousal support for definite periods of relatively long duration. In this case, Appellant is obliged to pay spousal support for nine years, a definite period of relatively long duration. Thus, the trial court abused its discretion by not reserving jurisdiction over that award. That portion of the divorce decree should be modified to reflect that the trial court retains jurisdiction to modify the spousal support award.
 {¶ 64} Most of Ohio's appellate courts have held that a trial court abuses its discretion if it orders spousal support for definite periods of relatively long duration without a reservation of authority to modify the amount of support due to a change of circumstances. See Berthelot v.Berthelot, 154 Ohio App.3d 101, 2003-Ohio-4519, at ¶ 55; Arthur v.Arthur (1998), 130 Ohio App.3d 398, 410; Nori v. Nori (1989),58 Ohio App.3d 69, 73; Babcock v. Babcock, 8th Dist. No. 82805, 2004-Ohio-2859, at ¶ 43; Straube v. Straube (Aug. 10, 2001), 11th Dist. No. 2000-L-074; Smith v. Smith (Jan. 12, 2001), 6th Dist. No. H-99-029;Henninger v. Henninger (May 4, 1993), 2nd Dist. No. 1303. The reason for these decisions is best explained by the Twelfth District in Nori.
 {¶ 65} "The present case involves a ten-year award of alimony. During that time, any number of unforeseen circumstances could arise. Appellee could become disabled or suffer a loss of income. Appellant, for some unforeseen reason, may not be able to obtain her teaching certificate or she may be able to demonstrate at some point in the future that she is definitely unemployable. A provision must be made for such change of circumstances." Id. at 73.
 {¶ 66} Of course, these courts have disagreed over how long an award must be before it is of relatively long duration. For instance, inBerthelot the Ninth District held that an award of five years was of relatively long duration. The Fifth District held that three years was sufficiently lengthy in Arthur. And in Straube, the Eleventh District believed that it was an abuse of discretion not to reserve jurisdiction over a six year award. In contrast, the Fourth District does not believe that three years is a lengthy period of time. See Schwendeman v.Schwendeman (Feb. 5, 2000), 4th Dist. No. 99CA15. And this court referred to a six year award as a "short time period" which did not mandate reversal in Herron v. Herron (Dec. 18, 1996), 7th Dist. No. 95-CO-65. But there cannot be any serious disagreement regarding whether a nine-year spousal support award is an award of relatively long duration.
 {¶ 67} A lot can happen in nine years and trial courts must reserve jurisdiction over awards of that length to accommodate man's inability to predict that far into the future. The trial court's failure to reserve jurisdiction in this case must also be reversed and its decision modified to reflect that it has jurisdiction to modify the award if there is a change in circumstances.