Hoover, J.
{¶1} Kathy A. Hodges ("appellant") appeals from a judgment entry of the Pickaway County Court of Common Pleas granting a divorce from her former husband, Mark W. Hodges ("appellee"). Appellant contends that the trial court erred by (1) failing to award spousal support for an indefinite time period; and (2) failing to reserve jurisdiction to modify the spousal support award. For the following reasons, we affirm the judgment of the trial court in part, reverse in part, and remand this matter to the trial court for further proceedings.
I. Facts and Procedural History
{¶2} Appellant and appellee were married on December 11, 1993, and have two sons born the issue of the marriage. One son is emancipated, while the other is a high school student. The couple separated in August 2016. Appellant testified that she did not ask for a divorce, and did not want a divorce, but on December 6, 2016, she filed for divorce at appellee's request.
{¶3} At the time of the final divorce hearing appellant was approximately 55 years old; and appellee was approximately 48 years old. At the time of separation and divorce both parties were in good health.
{¶4} Appellee is a medical doctor with a base salary of $ 190,000. In 2016, he earned bonuses totaling $ 11,200. At the time of the final divorce hearing he anticipated making between $ 8,000 and $ 10,000 in bonuses for 2017. Appellee also receives additional income in the amount of $ 500 per month as the medical director of a nursing home. In contrast, appellant last worked outside of the home in the late 1990s as a medical assistant with the Red Cross. Appellant is a Licensed Practical Nurse ("LPN") and has kept her LPN license and continuing education requirements current, even though she has not worked full-time in the medical field since the 1990s.
{¶5} In 1999, shortly after the birth of their eldest son, the couple agreed that appellant should cease working in the medical field in order to work as a "stay at home" mother. Since that time, appellant has only worked sporadically, doing work at appellee's medical practice as "office manager" from time to time. Specifically, appellant testified that she only worked at *894 the office if one of appellee's employees called off work, and that she was also responsible for paying the office bills. In all, appellant estimated that she worked approximately an hour a week in the medical practice; and earned compensation at the rate of $ 200 every two weeks and payment into a retirement account. Appellant held the title of office manager until 2014.
{¶6} Following a hearing at which both parties testified, a magistrate's decision was released in December 2017. Of relevance to the instant appeal, the magistrate recommended that the parties be granted a divorce on the ground of incompatibility, and that appellant be awarded spousal support in the amount of $ 3,000 per month beginning January 1, 2018 and continuing for the next 84 months. The magistrate's decision also recommended that: "This Court should not reserve jurisdiction to make modifications to this spousal support award." Both parties filed objections to the magistrate's decision. The trial court issued a decision on the objections to the magistrate's decision in February 2018, ordering that appellant should receive spousal support in the amount of $ 4,000 per month, but likewise setting a termination date for such support following 84 months. These findings were later incorporated by the trial court into a Decree of Divorce entered on May 9, 2018. The Decree of Divorce also states that: "This Court shall not reserve jurisdiction to make modifications to this spousal support award."
{¶7} Appellant filed a timely notice of appeal.
II. Assignments of Error
{¶8} Appellant assigns the following errors for our review:
Assignment of Error No. 1:
The Trial Court erred in its Divorce Decree by ordering that spousal support would terminate after 7 years, rather than being an award for an indefinite duration.
Assignment of Error No. 2:
The Trial Court erred by refusing to reserve jurisdiction to make modifications to the spousal support award.
III. Law and Analysis
{¶9} In her first assignment of error, appellant contends that the trial court erred and abused its discretion by only awarding her spousal support for 84 months, as opposed to an award for an indefinite period. Appellant claims that the facts of the instant case fit squarely within the holding of Kunkle v. Kunkle , 51 Ohio St.3d 64, 554 N.E.2d 83 (1990), and that the trial court, therefore, should have awarded her an indefinite term of support.
{¶10} Trial courts generally enjoy broad discretion to determine spousal support issues. Kunkle at 67, 554 N.E.2d 83. Consequently, an appellate court will not reverse a trial court's spousal support decision absent an abuse of discretion. Bechtol v. Bechtol , 49 Ohio St.3d 21, 24, 550 N.E.2d 178 (1990) ; Holcomb v. Holcomb , 44 Ohio St.3d 128, 131, 541 N.E.2d 597 (1989). "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. Huffman v. Hair Surgeon, Inc. , 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).
{¶11} R.C. 3105.18(B) allows trial courts, upon a party's request and after property distribution, to award reasonable spousal support. R.C. 3105.18(C) states:
(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
*895 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code ;
(b) The relative earning abilities of the parties;
(c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
(g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
(l) The tax consequences, for each party, of an award of spousal support;
(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
(n) Any other factor that the court expressly finds to be relevant and equitable.
(2) In determining whether spousal support is reasonable and in determining the amount and terms of payment of spousal support, each party shall be considered to have contributed equally to the production of marital income.
{¶12} When making a spousal support award, a trial court must consider all statutory factors and not base its determination upon any one factor taken in isolation. Kaechele v. Kaechele , 35 Ohio St.3d 93, 518 N.E.2d 1197 (1988), paragraph one of the syllabus. Although a trial court possesses broad discretion to determine whether spousal support is reasonable and appropriate, it must consider the statutory factors and must indicate the basis for a spousal support award in sufficient detail to enable a reviewing court to determine that the award complies with the law. Id. at paragraph two of the syllabus.
{¶13} "The modern trend favors terminating [spousal support] on a date certain. The reason for awarding [spousal support] payable only to a date certain is that the payee's need requiring support ceases, when, under reasonable circumstances, the payee can become self-supporting." Kunkle , 51 Ohio St.3d at 69, 554 N.E.2d 83. "[E]xcept in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of [spousal support] should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities." Id. Accord *896 Cornelius v. Cornelius , 4th Dist. Washington No. 12CA19, 2012-Ohio-6293, 2012 WL 6765604, ¶ 42.
{¶14} Thus, under Kunkle , in determining whether to set a specific termination date for an award of spousal support, the court should first determine whether the payee spouse has the resources, ability and potential to be self-supporting. Yazdani-Isfehani v. Yazdani-Isfehani , 4th Dist. Athens No. 08CA3, 2008-Ohio-4662, 2008 WL 4193635, ¶ 34 (Harsha, J., concurring). "If not, the court can make an award that is indefinite or permanent." Id. However, if the payee spouse possesses the resources, ability and potential to be self-supporting, the court should enter a reasonable termination date unless the court also finds the case involves a marriage of long duration, the parties are of advanced age, or the payee spouse was a homemaker-spouse with little opportunity to develop meaningful employment outside the home. See id. Accord Cornelius at ¶ 43.
{¶15} Appellant asserts that her situation fits clearly within the Kunkle exceptions to the general rule. Specifically, she asserts that she and appellee were married for a long time, that she is of advanced age, and she has been a "homemaker spouse" who has had "little opportunity to develop meaningful employment outside the home." For the following reasons, we disagree.
{¶16} In the case sub judice , appellant is in her mid-fifties and is a LPN. Appellant is in good physical and mental health, and nothing in the record indicates that her physical, mental, or emotional condition would impede her ability to work. The parties' minor child is nearing the legal driving age, and will be emancipated within a few years. The trial court could reasonably conclude that she has the potential to become self-supporting.
{¶17} In its decision on the objections to the magistrate's decision, the trial court determined that appellant would probably need "to take some refresher classes to pursue re-employment as an LPN", but that "[t]his should not take her long to do", and "with a little refreshing she has an excellent opportunity to make at least $ 30,000.00 a year as an LPN." We do not believe that it is unreasonable for the trial court to infer that appellant could once again develop meaningful employment. As we noted in Thomas v. Thomas , 4th Dist. Scioto No. 96CA2434, 1997 WL 441847, *4 (Aug. 4, 1997), a trial court may properly "induce the payee spouse to improve his or her prospects for employment through education and training rather than to remain a burden on the payor spouse on a long-term basis."
{¶18} While the parties' marriage was of a long duration[1] , we do not believe that appellant was solely a homemaker-spouse with little opportunity to develop meaningful employment. Rather, appellant is a LPN, worked in the medical field for most of the 1990s, and was employed sporadically in appellee's medical practice since then. Appellant has kept her license current and has taken the required continuing education. Appellee testified that on days that appellant filled-in at his medical practice, she performed the same duties and tasks that his medical assistants perform. The trial court apparently believed that appellant's prior work history and her status as a LPN gave her "the resources, ability and potential" to become self-supporting.
*897 {¶19} Appellant also notes that there will be a several year gap in between the cessation of spousal support and when she may begin receiving full social security retirement benefits. However, this alone does not constitute an abuse of discretion where the payee spouse is employed or has the potential to become employed. Lojek , 2010-Ohio-5156, at ¶ 63. Furthermore, appellant was awarded approximately $ 283,000 in retirement accounts through the trial court's property distribution; and will be receiving one-half of the sale proceeds from the marital home once the parties' minor child graduates high school.
{¶20} Finally, appellant asserts that the trial court ignored or gave "unacceptably short shrift" to the statutory factors set forth in R.C. 3105.18(C)(1) when determining to limit the duration of spousal support to 84 months.
{¶21} As explained, supra , we believe that the trial court's decision and judgment entry, along with the record of the proceedings, reveal a basis for the court's decision limiting the term of spousal support to 84 months. Although the trial court did not list and comment upon each and every one of the statutory factors, or how it weighed or considered each factor, the record reflects that the trial court fully considered the factors set forth in R.C. 3105.18 and based its award of spousal support upon those factors. Thus, we believe that the trial court had a sufficient basis for limiting the term of spousal support to 84 months, and provided sufficient detail to enable us to review the award.
{¶22} As we stated in Griffith v. Purcell , 4th Dist. Scioto No. 97CA2512, 1998 WL 32483, *6 (Jan. 26, 1998), quoting Anderson v. Anderson , 4th Dist. Hocking No. 91CA1, 1992 WL 174716, *4 (July 7, 1992), Kunkle does not require a trial court to award permanent spousal support:
" Kunkle does not mandate that permanent spousal support be awarded under a certain set of conditions. It merely notes in dicta that 'if under reasonable circumstances a divorced spouse does not have the resources, ability or potential to become self-supporting, then an award of sustenance alimony for life would be proper.' * * * Furthermore, it is clear from the statutory language that a trial court is not required to make any award of spousal support. Rather, * * * R.C. 3105.18 provides that the trial court 'may award reasonable spousal support.' "
{¶23} Thus, considering the totality of the circumstances, we find no abuse of the trial court's discretion in setting a termination date for the spousal support award.
{¶24} Accordingly, we overrule appellant's first assignment of error.
{¶25} In her second assignment of error, appellant contends that the trial court erred by refusing to reserve jurisdiction to make modifications to the spousal support award.
{¶26} Pursuant to R.C. 3105.18(E)(1), a domestic relations court must reserve jurisdiction to subsequently modify a spousal support award. The decision of whether to retain such jurisdiction is a matter within the domestic relations court's discretion. Johnson v. Johnson , 88 Ohio App.3d 329, 331, 623 N.E.2d 1294 (5th Dist.1993).
{¶27} This Court has previously held that a trial court abuses its discretion when it orders a spousal support award, for a definite period of time but of a relatively long duration, without reserving the authority to modify the award based upon a change in circumstances:
A trial court may not modify a definite spousal support award unless it expressly reserves jurisdiction to do so.
*898 R.C. 3105.18(E) ; Nori v. Nori (1989), 58 Ohio App.3d 69, 73 [568 N.E.2d 730]. The plain language of R.C. 3105.18(E) specifically permits a trial court to refuse to retain jurisdiction over spousal support matters. See, Soley v. Soley (1995), 101 Ohio App.3d 540, 551 [655 N.E.2d 1381] ; Cook v. Cook (Jan. 14, 1997), Hocking App. No. 95CA27 [1997 WL 30869], unreported. When the trial court makes an indefinite award of spousal support, it must retain jurisdiction to modify the award. Nori , citing Colwell v. Colwell (Oct. 11, 1988), Butler App. No. CA88-03-043 [1988 WL 105548], unreported. When the trial court sets a lengthy term of support, the trial court abuses its discretion in failing to reserve jurisdiction because "unforeseen but likely" circumstances are likely to arise during that term. Nori at 73 [568 N.E.2d 730], citing Colwell , supra .
Schwendeman v. Schwendeman , 4th Dist. Washington No. 99CA15, 2000 WL 249255, *5 (Feb. 25, 2000). Other Ohio courts have held similarly. See Brown v. Brown , 12th Dist. Madison No. CA2008-08-021, 2009-Ohio-2204, 2009 WL 1278430, ¶ 74, and cases cited therein ("[T]his court along with a majority of other Appellate Districts have held that a trial court abuses its discretion when it orders a spousal support award, for a definite period of time but of a relatively long duration, without reserving the authority to modify the award based upon a change in circumstances.").
{¶28} Thus, in the instant matter, we must determine if a spousal support award of 84 months is a "lengthy term of support" requiring the court to reserve jurisdiction.
{¶29} In Schwendeman , we ultimately determined that "the trial court did not abuse its discretion by declining to retain jurisdiction over the three-year support term." (Emphasis added.) Id. at *6. However, in Smith v. Smith , 6th Dist. Huron No. H-99-029, 2001 WL 27542, *3-4 (Jan. 12, 2001), the Sixth District Court of Appeals found that it was an abuse of discretion for the trial court not to reserve jurisdiction to make modifications to a 7-year support award. The Seventh District Court of Appeals found likewise in Lepowsky v. Lepowsky , 7th Dist. Columbiana No. 06CO23, 2007-Ohio-4994, ¶ 93, but oddly, in Herron v. Herron , 7th Dist. Columbiana No. 95CO65, 1996 WL 734007, *3 (Dec. 18, 1996), that same court determined that a six-year award of spousal support was a relatively short period of time and did not require the trial court to reserve jurisdiction to modify the award. In Thomas v. Thomas , 4th Dist. Scioto No. 96CA2434, 1997 WL 441847, *4 (Aug. 4, 1997), we upheld a 7-year support order, but it was accompanied by a reservation of jurisdiction to make modifications upon a change in circumstances of either party. In Berthelot v. Berthelot , 154 Ohio App.3d 101, 2003-Ohio-4519, 796 N.E.2d 541, ¶¶ 57-58 (9th Dist.), the 9th District Court of Appeals found that the trial court abused its discretion when it failed to reserve jurisdiction to modify a 5-year spousal support award.
{¶30} Upon review, it seems clear that a greater amount of persuasive authority stands for the proposition that a 84 month award is indeed a "lengthy term of support" requiring the court to reserve jurisdiction. Moreover, we note that appellant is in her mid-fifties and appellee is approaching age fifty and, although they do not suffer from major medical problems at the present time, they could encounter such problems over the next seven years. Additionally, it is possible that either parties income or employment could vary in the future, or that the value of the retirement accounts or marital home could fluctuate in the coming years. Given these *899 factors, we conclude that the trial court's refusal to reserve jurisdiction over the spousal support award is an abuse of discretion. Appellant's second assignment of error is sustained.
IV. Conclusion
{¶31} In sum, the judgment of the trial court is affirmed in all respects except for its failure to reserve jurisdiction to modify the spousal support award upon a showing of a change of circumstances. That portion of the trial court's judgment expressly stating that it does not reserve jurisdiction to modify the spousal support award is reversed and vacated. This cause is remanded for entry of an amended judgment consistent with this decision.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED.
Abele, J. and McFarland, J.: Concur in Judgment and Opinion.

See Lojek v. Lojek , 4th Dist. Washington No. 10CA8, 2010-Ohio-5156, 2010 WL 4157270, ¶ 62, and cases cited therein, (holding that Kunkle does not stand for the proposition that permanent spousal support is mandated in marriages of long duration where the payee spouse has the ability to work outside the home and be self-supporting).