OPINION
Appellant Randy Shoemaker appeals the decision of the Knox County Court of Common Pleas concerning issues of allocation of parental rights, division of marital property and spousal support. The following facts give rise to this appeal. Appellant and Appellee Teresa Shoemaker were married on October 16, 1980. Four children were born as issue of the marriage: Jamie Shoemaker, Alex Shoemaker, Cole Shoemaker and Konnor Shoemaker. At the time of the final judgment decree of divorce the oldest child, Jamie, was eighteen years old. On July 31, 1997, appellant filed a complaint for divorce and on August 5, 1997, appellee filed a complaint for divorce. The trial court consolidated the two cases on August 21, 1997, and addressed appellant's complaint as a counterclaim. Appellee subsequently dismissed her complaint. This matter proceeded to trial, before a magistrate, on September 17, 1999, upon appellant's counterclaim. On December 2, 1999, the magistrate issued her proposed decision which included findings of fact and conclusions of law. Appellant timely filed objections to the magistrate's proposed decision on January 18, 2000. On May 8, 2000, the trial court issued a judgment entry granting one of appellant's objections and overruling all others. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO AWARD CUSTODY OF THE THREE YOUNGER CHILDREN OF THE PARTIES TO THE APPELLANT.
 II. THE PROPERTY DIVISION ORDERED BY THE TRIAL COURT CONSTITUTED AN ABUSE OF DISCRETION, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND CONTRARY TO LAW.
 III. THE TRIAL COURT'S FAILURE TO SPECIFY A DATE CERTAIN FOR TERMINATION OF SPOUSAL SUPPORT IS CONTRARY TO LAW.
 I
In his First Assignment of Error, appellant contends the trial court abused its discretion by failing to award him custody of the parties' three minor children. We affirm this assignment of error for the reason that the trial court improperly ordered shared parenting in this matter. At trial, appellant requested that the trial court designate him the sole residential parent and legal custodian of the three minor children. Prior to the commencement of trial, appellee filed a proposed shared parenting plan in which she recommended that she be the residential parent, for school attendance purposes, of Jamie, Cole and Konnor, and that appellant be the residential parent, for school attendance purposes, of Alex. Although the trial court found shared parenting to be in the best interest of the children, it refused to adopt appellee's proposed plan. Judgment Entry, May 8, 2000, at 12. Instead, the trial court ordered that appellee be designated the residential parent, for school attendance purposes, of Jamie. Id. The trial court designated appellant the residential parent, for school attendance purposes, of Alex, Cole and Konnor. Id. The trial court also ordered reasonable companionship, pursuant to Local Rule, with the absent parent of Jamie and Alex. Id. As to the weekly schedule of Cole and Konnor, the trial court ordered that they reside with appellant every other weekend from Friday at 6:00 p.m. until Sunday at 9:00 p.m. Id. The children shall also reside with appellant every Tuesday at 5:00 p.m. through Thursday at 8:00 a.m. Id. The children shall reside with appellee at all other times, with the exception of holidays, special days of meaning, and during appellant's vacation period. Id. The trial court ordered the parties to maintain this schedule throughout the summer months, with the exception that each parent is entitled to one, two week uninterrupted period of time with the children. Id. at 13. Based on our review of the record, we conclude the trial court erred when it created the above shared parenting plan because it was not submitted by either party and therefore, is in violation of R.C. 3109.04(D)(1)(a)(iii). Since only appellee filed a proposed shared parenting plan, the procedure the trial court should have followed is contained in R.C. 3109.04(D)(1)(a)(iii). Under this section of the statute, the trial court may order the other parent to file a proposed shared parenting plan. The trial court must then review each plan to determine if either plan is in the best interest of the children. We addressed this identical issue in the case of Stalnaker v. Stalnaker (Dec. 20, 1999), Stark App. No. 1999CA00059, unreported, and held that: A court may determine that one of the submitted plans is in the best interest of the children and adopt that plan verbatim. Barring adoption of one of the submitted plans, however, a court may only make suggestions for modification of the plans to the parties. If the parties do not make appropriate changes or if the court is not satisfied with the changes that are resubmitted following the suggestions for modification, then the court may deny the request for shared parenting of the children. The statute does not give the court authority to create its own shared-parenting plan. A satisfactory plan must be filed with the court for adoption; otherwise, the court will not adopt any plan. R.C.3109.04(D)(1)(b). Id. at 6, citing McClain v. McClain (1993),87 Ohio App.3d 856, 857.
Based on the above case law, since the trial court ordered a plan of its own creation, which was not submitted by either party, we sustain appellant's First Assignment of Error because the court-ordered shared parenting plan is in violation of R.C. 3109.04(1)(a)(iii). Appellant's First Assignment of Error is sustained.
 II
Appellant contends, in his Second Assignment of Error, that the trial court's property division is an abuse of discretion, against the manifest weight of the evidence and contrary to law. We disagree. Specifically, appellant requests that we remand this matter to the trial court with an instruction that the court equalize the liabilities of the parties regarding non-dischargeable debts, make appellee responsible for her medical expenses and eliminate any payment of cash by appellant to appellee. Generally, a review of a trial court's division of marital property is governed by an abuse of discretion standard. Martin v. Martin (1985), 18 Ohio St.3d 292, 294. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. R.C. 3105.171 explains a trial court's obligation when dividing marital property in divorce proceedings as follows: (C)(1) Except as provided in this division or division (E)(1) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section.
* * *
(G) In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of `during the marriage.'
In the matter currently before the court, the court found that the debts to the State of Ohio, I.R.S., Workers' Compensation and Ohio Bureau of Employment Services all resulted from appellant's failure to pay any taxes and/or business related debts for the past several years. Judgment Entry, May 8, 2000, at 14. The trial court also found that the parties were behind in real estate taxes in the amount of $7,000, in 1998, and appellee's father gave the parties the money to pay this debt. Id. Further, appellant has paid his attorney fees, totaling $5,700, from marital funds. Id. at 15. The parties' accountant, Sally Nelson, testified that the parties owe the I.R.S. a total of $109,168.84 and the State of Ohio $17,939.64. Id. at 16. Based on this evidence, as well as other evidence presented to the trial court regarding the parties debts and liens against their property, the trial court concluded that appellant should be responsible for the majority of the marital debts because appellee does not work and never worked throughout the course of the marriage. Id. at 17. The trial court found that appellant created the current financial condition of the parties by failing to meet his business and personal obligations, such as regular filing and payment of federal income tax. Id. It was apparent to the trial court that appellee had little or no idea of the status of appellee's business affairs and that appellant had control over the majority of the parties' finances. Id. at 18. We do not find the trial court's decision is unreasonable, arbitrary or unconscionable. The record supports the trial court's decision to make appellant responsible for the non-dischargeable debts and appellee's medical expenses. Further, the trial court also did not abuse its discretion when it ordered appellant to pay appellee $2,094.50 in cash for one-half of the household furnishings that he received. Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant contends the trial court erred when it failed to specify a date certain for termination of spousal support and failed to include marriage or cohabitation as grounds for termination of spousal support. We disagree. In its judgment entry, the trial court ordered appellant to pay appellee spousal support in the amount of $120 per month. The trial court also ordered that spousal support would terminate upon the death of either party, appellee's employment with an annual income of $10,712, appellant's retirement, or further order of the court. Id. at 26. The trial court retained jurisdiction as to both the term and amount of spousal support. Id. In support of this assignment of error, appellant cites to the case of Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, in which the Supreme Court held: Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities. Id. at paragraph one of the syllabus.
Based on our review of the Kunkle case, we find the facts of the case sub judice are such that a date certain for the termination of spousal support was not mandatory. In Kunkle, the payee spouse had some college education prior to the marriage and later resumed her college education. However, in the matter currently before the court, appellee had no college education and did not work outside the home during the parties' eighteen-year marriage. The trial court specifically found that, at best, appellee would be able to obtain a minimum wage job. Judgment Entry, May 8, 2000, at 20. Unlike appellee, the payee spouse, in Kunkle, had the opportunity to become self-supporting following the completion of her college education and she would no longer need spousal support. Finally, the Ohio Supreme Court noted, in Kunkle, "* * * that providing a termination date is not legally mandated and, in some situations, it could work a hardship on either the payor or payee." Kunkle at 87, citing Koepke v. Koepke (1983), 12 Ohio App.3d 80, 81. Although the trial court did not set a date certain for termination of spousal support, it did set forth various grounds that would result in the termination of spousal support. Also, the trial court retained jurisdiction to address the term and amount of spousal support. Thus, based on the facts of this case, the trial court was not required to establish a date certain for termination of spousal support. Appellant's Third Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
Reader, V. J. Farmer, P.J., and Edwards, J., concur.