{¶ 1} Ramin Yazdani-Isfehani ("Husband") appeals the final divorce decree entered by the Athens County Court of Common Pleas, terminating his marriage with Elizabeth Yazdani-Isfehani ("Wife"). On appeal, Husband contends that the trial court erred as to the amount of the award of spousal support. Because we find that the relevant factors set forth in R.C. 3105.18(C)(1)(a)-(n) guided the trial court's discretion, we disagree. Husband next contends that the trial court erred when it failed to set a termination date for the spousal support. Because the law favors a termination date, and because the record does not support the court's findings of two exceptions to establishing a termination date, we agree and remand this cause to the trial court for further proceedings consistent with this opinion. Accordingly, we affirm, in part, and reverse, in part, the judgment of the trial court. *Page 2 
 I. {¶ 2} Husband and wife married on December 20, 1987 and had six children (two children are now emancipated). Wife separated from husband on or about October 1, 2004, after almost seventeen years of marriage and filed for divorce on January 13, 2005. Husband is a college graduate. He is an engineer with a salary of $91,500. Wife is a career homemaker and unemployed but stipulated (for child support purposes) an imputed minimum wage income of $14,248. She has a high school education and a license to work as a substitute teacher's aide. To raise money, she has occasionally sold baked goods; she worked as a teacher's aide; and she has written a devotions (religious) book, which remains unpublished. She earned $2,000 or less in 2006.
 {¶ 3} At the time of the separation, Wife was approximately 38 years old, and Husband was around 42 years old. At the time of the separation and divorce the Wife was in good health. The Husband suffered a heart attack (because of that he now has stents) and has had knee surgery. However, his health is good enough for him to work out regularly at a health club and play soccer.
 {¶ 4} The magistrate recommended that the court award Wife spousal support in the amount of $1,400 per month, plus poundage, with no termination date. Husband filed an objection to the spousal support. The court overruled Husband's objection and adopted the recommendation of the magistrate. However, the court retained "continuing jurisdiction over the spousal support."
 {¶ 5} Husband appeals and asserts the following assignment of error: "The trial court erred in awarding [Wife] permanent sustenance spousal support in the amount of $1,400 a month." *Page 3 
 II. {¶ 6} In his sole assignment of error, Husband contends that the trial court erred when it awarded Wife spousal support. He contests both the amount and the duration of the spousal support.
 {¶ 7} A trial court has broad discretion when determining an appropriate amount of spousal support. Bolinger v. Bolinger (1990),49 Ohio St.3d 120, 122; Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. However, the relevant factors set forth in R.C. 3105.18(C)(1)(a)-(n) must guide the trial court's discretion. See Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355. This court must give deference to a trial court's decision regarding spousal support unless we find, after considering the totality of the circumstances surrounding the award, that the trial court abused its discretion. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,67 (superseded by statute on other grounds); Holcomb, supra, at 131;Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, syllabus. An abuse of discretion involves more than an error of judgment or law; it implies an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. Blakemore at 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. In re Jane Doe 1 (1991),57 Ohio St.3d 135, 137-138. An appellate court must be guided by the presumption that the findings of the trial court are correct because the trial court is in the best position to view the witnesses and weigh the credibility of the testimony. Id.
 {¶ 8} R.C. 3105.18(C)(1)(a)-(n) provides, "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in *Page 4 
installments, the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 (b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
 (d) The retirement benefits of the parties;
 (e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
 {¶ 9} The trial court must consider all the factors in R.C. 3105.18(C)(1)(a)-(n) to determine the amount of spousal support. However, "some of the factors enumerated * * * are more pertinent than others in the process of reaching an equitable property division, while some are more relevant in ascertaining the need for and amount of sustenance alimony." Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 96.
 A. Amount of Spousal Support {¶ 10} Husband claims the award of $1,400 per month in spousal award is too high. *Page 5 
After reviewing all the factors in R.C. 3105.18(C)(1) and considering our standard of review, we disagree.
 {¶ 11} Husband's income was $91,500; Wife's actual income was around $2,000. See R.C. 3105.18(C)(1)(a).
 {¶ 12} Husband has a college degree in mechanical engineering; Wife has a high school degree. Wife has a license that allows her to substitute as a teacher's aide. She has also written a book and started a couple of small businesses. See R.C. 3105.18(C)(1)(b), (h).
 {¶ 13} At the time of the separation, Husband was 42 years-old, and Wife was 38 years-old. Husband has had a heart attack and knee surgery; Wife is in good mental and physical health. See R.C. 3105.18(C)(1)(c).
 {¶ 14} Husband will receive retirement benefits from IBM, his former employer, less one-half of the benefits calculated from the beginning of the marriage until the end. Husband will receive all of his current employer's retirement benefits. See R.C. 3105.18(C)(1)(d).
 {¶ 15} The parties were married seventeen years before they separated, and the Wife filed for divorce. However, three more years passed before the final hearing. The parties were married for twenty years when the court filed the final decree. See R.C. 3105.18(C)(1)(e).
 {¶ 16} Of the six children, four were still minors at the time of hearing. The minors were born in 1990, 1991, 1994, and 1995. They are old enough so that the Wife could seek employment outside the home. See R.C. 3105.18(C)(1)(f).
 {¶ 17} Husband can maintain or exceed the standard of living he established during *Page 6 
the marriage, but without Husband's income, Wife's standard of living will decrease (at least for the near future). See R.C. 3105.18(C)(1)(g).
 {¶ 18} The parties do not have any major assets. When their home is sold, they will be lucky to net $10,000, which will go to Wife. Wife has a 1998 van, and Husband has a 1984 BMW and a 1987 BMW. Wife receives child support from Husband in the amount of $1,108.09 per month and another $303.78 per month for an arrearage. Husband provides medical insurance for the children. Wife pays the first $100 per child per year for uncovered medical expenses and twenty-five percent of the costs over $100 (Husband pays seventy-five percent). Wife is responsible for paying credit card debt balances when the credit card is in her name alone; Husband is responsible for the credit card debts when the card is issued in his name or in the parties' names. See R.C. 3105.18(C)(1)(i).
 {¶ 19} The parties did not contribute to the education, training, or earning ability of the other party. See R.C. 3105.18(C)(1)(j).
 {¶ 20} Wife has looked into going to college but has not enrolled at this point. See R.C. 3105.18(C)(1)(k).
 {¶ 21} The tax consequences of an award of spousal support favors Wife (at least in the short term) because Husband can deduct the amount, and because Wife will pay little if any taxes on the amount based on her low income and exemptions. See R.C. 3105.18(C)(1)(l).
 {¶ 22} The Wife lost income production capacity because of her marital responsibilities to the children. She home schooled them before she separated from her Husband. See R.C. 3105.18(C)(1)(m). *Page 7 
 {¶ 23} Therefore, after considering the totality of the circumstances, we find that the trial court did not abuse its discretion when it awarded the Wife $1,400 per month in spousal support. While we might have awarded a lesser amount, under our standard of review, we "may not substitute [our] judgment for that of the trial court." In re Jane Doe1 (1991), supra, at 137-138. The record shows that the magistrate and court considered the R.C. 3105.18(C)(1) factors. The court apparently found some of the factors more pertinent than some of the other factors. That is its province. See Kaechele, supra.
 {¶ 24} Accordingly, we overrule this part of Husband's sole assignment of error.
 B. Termination Date For Spousal Support {¶ 25} Husband next contends that the trial court erred when it failed to set a termination date for the duration of the spousal support. Although the court did not set an ending date, it did retain continuing jurisdiction.
 {¶ 26} "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus.
 {¶ 27} Here, following Kunkle, the court adopted the magistrate's finding that the marriage was of long duration and that Wife was a homemaker-spouse with little opportunity to develop meaningful employment outside the home. Thus, it found two of the three exceptions to establishing a definitive limit to the spousal support. We *Page 8 
disagree with the trial court's findings regarding these two exceptions and, for the reasons that follow, find that the trial court abused its discretion.
 {¶ 28} In Kunkle, husband and wife were married for eighteen years. Wife was 37 years old and in good health. Wife's earning capacity was $15,150 per year. The Kunkle court did not find that any of the three exceptions applied, i.e., "a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home[.]" After finding that wife "had resumed her college education and estimated she could complete her degree requirements in four or five years" and that she was going to marry a Physician, the court found that wife "has the resources, ability and potential to become self-supporting. Furthermore, [the court found] that terminating sustenance alimony on a date certain would not work an undue hardship on [wife]. [The court] concluded that within a reasonable time, and with a reasonable effort on the part of [wife], she can become self-supporting." Id. at 88.
 {¶ 29} Here, like the wife in Kunkle, Wife is of similar age (she was 38 when she separated from her Husband and 41 at the time of the final decree), in good health, and has a similar earning capacity (she stipulated for child support purposes that she could earn minimum wage, i.e., $14, 248). Before Wife raised the six children, she was a legal secretary for a judge.
 {¶ 30} In this case, the key fact on the issue of "a marriage of long duration" is that the marriage was 17 years long at the time of separation and filing for divorce and 20 years long when the court filed the final decree. In Kunkle, the marriage was 18 years long. As such, based on the total circumstances surrounding the duration of the *Page 9 
marriage, we find that the trial court abused its discretion when it found that the marriage was of "long duration."
 {¶ 31} In addition, the court here implicitly found a second exception (a homemaker-spouse with little opportunity to develop meaningful employment outside the home) for not establishing a termination date for the spousal support when it adopted the magistrate's finding that Wife's "ability to earn was significantly impaired by her marital responsibilities in bearing, raising, and educating the children." However, Wife home schooled all six children. In our view, this activity of educating her children increased her opportunity to develop meaningful employment outside the home. In fact, she obtained a license that allows her to be a substitute teacher's aide. Further, she apparently has an interest in attending college because, even though she has not yet enrolled in college, she has investigated the possibility. She has also demonstrated she can run a small business. And she was motivated enough to author a book. So, based on this evidence and coupling it with her past experience as a legal secretary, we cannot say that she has little opportunity to develop meaningful employment. As such, we find that the trial court abused its discretion when it adopted this finding.
 {¶ 32} Accordingly, we sustain this part of Husband's sole assignment of error and remand this cause to the trial court for further proceedings consistent with this opinion. Because the trial court adopted the magistrate's findings that (1) the marriage was of long duration and (2) the Wife was a homemaker-spouse with little opportunity to develop meaningful employment outside the home, the trial court did not directly determine under Kunkle if Wife has "the resources, ability and potential to be self-supporting[.]" On remand, the court will need to continue its Kunkle analysis. *Page 10 
 III. {¶ 33} In conclusion, we affirm the judgment of the trial court involving the amount of the spousal award. However, we reverse the part of the judgment involving the indefinite termination date of the spousal support and remand this cause to the trial court. On remand, the trial court will need to continue its Kunkle analysis.
 JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CAUSE REMANDED. *Page 12 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART, and this CAUSE IS REMANDED to the trial court for further proceedings consistent with this opinion. The appellant and appellee shall equally pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs with Concurring Opinion.
 McFarland, J.: Concurs in Judgment Only. *Page 11