[Cite as *Yazdani-Isfehani v. Yazdani-Isfehani*, 2013-Ohio-2894.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| ELIZABETH YAZDANI-ISFEHANI, | : | Case No. 12CA20 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | |
| | : | DECISION AND |
| RAMIN YAZDANI-ISFEHANI, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Released: 6/4/2013 |

_____

APPEARANCES:

Susan Gwinn, Athens, Ohio, for Appellant.

Elizabeth Yazdani-Isfehani, Albany, Ohio, pro se, Appellee.

_____

Hoover, J.

{¶ 1} This is an appeal from a judgment of the Common Pleas Court of Athens County. Appellant RaminYazdani-Isfehani appeals the decision of the trial court regarding the duration of the spousal support award in favor of appellee Elizabeth Yazdani-Isfehani. For the following reasons, this Court affirms the trial court's decision and judgment.

I.

STATEMENT OF ASSIGNMENT OF ERROR

{¶ 2} Appellant, RaminYazdani-Isfehani, sets forth the following assignment of error:

"THE TRIAL COURT ERRED IN ACTING UNREASONABLY,

ARBITRARILY, OR UNCONSCIONABLY AND THE DECISION WAS

AGAINST THE WEIGHT OF THE EVIDENCE IN AWARDING THE

PLAINTIFF SUSTENANCE ALIMONY FOR SEVEN YEARS."

## II.

## PROCEDURAL POSTURE

{¶3} Appellee Elizabeth Yazdani-Isfehani initiated the divorce proceeding on or about January 13, 2005. The parties have six children. In May 2007, the magistrate issued a decision granting the divorce.[1] Appellant RaminYazdani-Isfehani filed objections to the magistrate's decision. Appellee filed her response to the objections. On or about December 28, 2007, the trial court overruled all of appellant's objections. The trial court then adopted the proposed findings of fact by the magistrate and issued orders regarding the parties' divorce.

{¶4} Next, appellant proceeded to file a Notice of Appeal on or about January 23, 2008. This Court, in *Yazdani-Isfehani* v. *Yazdani-Isfehani*, 4th Dist. No. 08CA3, 2008-Ohio-4662 (hereinafter "*Yazdani-Isfehani II*"), affirmed the amount of spousal support at $1,400.00 per month but remanded the cause on the issue of the duration of spousal support. We held that based upon *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 554 N.E.2d 83 (1990), the trial court erred by failing to determine whether appellee had the "resources, ability and potential to be self-supporting[.]" *Yazdani-Isfehani II* at ¶ 32. We remanded the case to allow the trial court to continue its *Kunkle* analysis. *Id.* at 33.

{¶5} The magistrate then held a hearing pursuant to the directive of the Court of Appeals in *Yazdani-Isfehani II* on April 9, 2009. A magistrate's decision was filed on or about January 21, 2010. Appellant filed objections to the magistrate's decision on or about July 20, 2010.

---

[1] Prior to the divorce being granted, an appeal had been filed by the appellant regarding issues with a civil protection order and the allocation of parental rights and responsibilities among other things. *See Yazdani-Isfehani v. Yazdani-Isfehani*, 170 Ohio App.3d 1, 2006-Ohio-7105, 865 N.E.2d 924.

{¶6} On or about December 7, 2010, the trial court then overruled objections one, two, four, and five. The trial court granted objection number three and established January 21, 2015 as the date for the spousal support to end.

{¶7} Appellant timely filed an appeal on the trial court's December 7, 2010 decision. This Court found that the trial court had reviewed the magistrate's decision under an inappropriate standard. *See Yazdani-Isfehani* v. *Yazdani-Isfehani*, 4th Dist. No. 11CA1, 2012-Ohio-1031 ¶12 (hereinafter "*Yazdani-Isfehani III*"). This Court felt that an abuse of discretion standard had been used by the trial court rather than a de novo standard of review. This Court did not address the merits. This matter was once again remanded to the trial court.

{¶8} In response to the Court of Appeals' ruling, the trial court issued a decision on or about July 2, 2012. The trial court reviewed the magistrate's decision using a de novo standard of review. The trial court "re-adopted" its prior decision while affirmatively stating "it independently looked at the factors in R.C. 3105.18(C), applied the facts, and reached the spousal support decision." The trial court found that appellee was entitled to sixty months of spousal support. The trial court "re-adopted" the termination date of January 21, 2015, although the date was not specifically stated in the trial court's judgment entry. Appellant appeals this judgment.

III.

FACTS

{¶9} The facts as set forth in *Yazdani-Isfehani II,* 4th Dist. No. 08CA3, 2008-Ohio-4662 ¶ 2-3 are set forth herein:

Husband and wife married on December 20, 1987 and had six children (two children are now emancipated). Wife separated from husband on or about

October 1, 2004, after almost seventeen years of marriage and filed for divorce on January 13, 2005. Husband is a college graduate. He is an engineer with a salary of $91,500. Wife is a career homemaker and unemployed but stipulated (for child support purposes) an imputed minimum wage income of $14,248. She has a high school education and a license to work as a substitute teacher's aide. To raise money, she has occasionally sold baked goods; she worked as a teacher's aide; and she has written a devotions (religious) book, which remains unpublished. She earned $2,000 or less in 2006.

At the time of the separation, Wife was approximately 38 years old, and Husband was around 42 years old. At the time of the separation and divorce the Wife was in good health. The Husband suffered a heart attack (because of that he now has stents) and has had knee surgery. However, his health is good enough for him to work out regularly at a health club and play soccer.

{¶ 10}  The couple's final divorce hearing was held in April 2007. The trial court issued the Final Decree of Divorce on December 28, 2007.  That decree included, among other things, a child support order and a spousal support order.  Specifically, it was ordered that appellant pay appellee $1,400.00 per month for an indefinite period of time.

{¶ 11}  After various proceedings including hearings, objections, and appeals, the trial court eventually ordered appellant to pay appellee spousal support in the amount of $1,400.00 per month until January 21, 2015.

IV.

STANDARD OF REVIEW

{¶ 12}  The standard of review for "duration of spousal support" cases is whether or not the trial court abused its discretion in making its decision.  This Court set forth the standard of review for this type of case in *Griffith v. Purcell,* 4th Dist. No. 97CA2512, 1998 WL 32483 (Jan. 26, 1998):

R.C. 3105.18 vests the trial court with broad discretion in formulating the nature, amount, manner, and duration of spousal support. *See Kunkle v. Kunkle,* 51 Ohio St.3d 64, 67, 554 N.E.2d 83, 87; *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 414, 350 N.E.2d 413, 423.  A trial court should strive to design a spousal support award that is reasonable and appropriate under the circumstances. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 355, 421 N.E.2d 1293, 1299; *see also Kunkle,* 51 Ohio St.3d at 67, 554 N.E.2d at 86; *Layne v. Layne* (1992), 83 Ohio App.3d 559, 562, 615 N.E.2d 332, 334.  The award should be "fair, equitable, and in accordance with law." *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 94, 518 N.E.2d 1197, 1199.

In reviewing a trial court's judgment regarding a spousal support award, a reviewing court is not free to "substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion." *Kunkle,* 51 Ohio St.3d at 67, 554 N.E.2d at 87. Accordingly, absent an abuse of discretion, an appellate court should not reverse a trial court's judgment regarding spousal support. *Kunkle, supra.*

V.

ANALYSIS

{¶ 13}  In his sole assignment of error appellant contends the trial court erred by acting unreasonably, arbitrarily, or unconscionably; and the decision was against the manifest weight of the evidence in awarding the plaintiff sustenance alimony for seven years.  Appellant also argues the trial court failed to continue with the *Kunkle* analysis in determining to order an alimony award.

{¶ 14} To clarify, the amount of the spousal support has already been affirmed by this court. *Yazdani-Isfehani II*, 4th Dist. No. 08CA3, 2008-Ohio-4662 at ¶ 23. The sole issue before this Court is the duration of the spousal support.  Considering the trial court's decision of July 7, 2012, as well as the December 7, 2010 decision which was "re-adopted" by the trial court in the July 7, 2012 decision, this Court finds nothing to suggest that plain error occurred.

{¶ 15}  The trial court believed that it made its December 7, 2010 decision independently when it looked at the factors in R.C. 3105.18(C).  However, in order to be clear, in the July 7, 2012 decision, the trial court affirmatively stated that it independently looked at the factors in R.C. 3105.18(C), applied the facts, and reached the spousal support decision.

{¶ 16}  This Court finds that the trial court considered the applicable factors listed under R.C. 3105.18(C)(1)(a)-(n).  R.C. 3105.18(C)(1)(a)-(n) provides:

>    In determining whether spousal support is appropriate and reasonable, and
>    in determining the nature, amount, and terms of payment, and duration of spousal
>    support, which is payable either in gross or in installments, the court shall
>    consider all of the following factors:
>    (a) The income of the parties, from all sources, including, but not limited to,

income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 17} The trial court addressed the first two factors by noting that appellee "has never made as much as $14,000.00 in one year" while appellant "earns $93,000.00 per year and has earned as much as $100,000.00 per year." The trial court found that appellant has "an engineering degree and has the potential to increase his income"; whereas, appellee is "limited to minimum wage unless and until she acquires further education." The trial court further found that appellee's "ability to earn income on par with her former spouse is probably highly unlikely."

{¶ 18} The trial court also factored in the parties' ages and health of the parties. The trial court found appellee to be 44 years of age and appellant to be 48 years of age. The trial court noted that the appellant had been injured in an auto accident but that he continues to work.

{¶ 19} Other factors from the statute were also addressed. Retirement benefits and the duration of the marriage were addressed in the trial court's decision. Although the court refers to the marriage as "long term" again; and although this Court previously ruled that conclusion to be an abuse of discretion, this factor is not controlling in this appeal, especially since the standard of review is plain error. Since this appeal concerns a spousal support award with a definite termination date, the issue of determining if this marriage is one of long term duration is not "the key fact." *Yazdani-Isfehani II*, 4th Dist. No. 08CA3, 2008-Ohio-4662, at ¶ 30.

{¶20} The trial court also addressed the factor regarding the appropriateness of a party seeking employment outside the home since she may be caring for a minor child. The parties had six children. At the time of the trial court's decision, the court noted that the youngest child was fifteen; and that the appellee "now has the opportunity to spend more time in educational pursuits."

{¶ 21} Standard of living of the parties was also dealt with by the trial court. The trial court recognized that the parties developed a "middle class" standard of living based on appellee's income level. The court noted that the assets of the parties had been allocated.

{¶ 22} The trial court found that neither party had pursued any "special educational benefits during the marriage."

{¶ 23} Appellee's failed attempts of obtaining employment and educational enhancements were also addressed by the trial court. The trial court explained that the appellee's failure was likely a result of her lack of history of employment, no advanced educational accomplishments, and the number of years away from social interaction. The trial court seemed hopeful though that appellee "may be putting behind her the lifestyle that encouraged her to be a stay-at-home mother with no ambition to pursue employment."

{¶ 24} The trial court further addressed the tax consequences of the spousal support award.

{¶ 25} The trial court additionally justified its ruling regarding the duration of child support by stating as follows, "It is not likely Plaintiff will ever reach Defendant's standard of living even with spousal support for five more years, but she should not be relegated to a poverty level. There are no accumulated assets to look to for a distributive award."

{¶ 26} This Court finds that under an abuse of discretion standard, under the totality of the circumstances, the trial court did not abuse its discretion when determining the term of the spousal support.

{¶ 27} It is noteworthy that the trial court mentioned in the July 2, 2012 decision that the appellee "appears to now relinquish her request for spousal support." There is nothing in the record showing that appellee has filed any pleadings to "relinquish her request for spousal

support" though.  Moreover, since appellant has not dismissed the within appeal, it is necessary

for this court to decide the case on the merits.

VI.

CONCLUSION

{¶ 28}  For the aforementioned reasons, we affirm the judgment of the Common Pleas

Court of Athens County.


JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.:  Concurs in Judgment and Opinion.
Abele, J.:  Concurs in Judgment Only.

For the Court

By:                        
        Marie Hoover, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.